IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOSEPH P. DONOVAN                                                                                             PLAINTIFF

V.                                                                              CAUSE NO. 3:11-cv-00326-CWR-FKB

G. TODD BURWELL, INDIVIDUALLY,
LATHAM & BURWELL, PLLC, AND
UNKNOWN CORPORATIONS A-J AND                                                              DEFENDANTS
JOHN DOES 1-10

### ORDER OF REMAND

The above-styled matter is before the Court on its own motion to consider whether subject-matter jurisdiction lies with the federal courts. Finding that it does not, the matter is remanded to the Circuit Court of the First Judicial District of Hinds County.

The plaintiff is the former client of the defendants, whom the plaintiff contends failed to represent him adequately in disputes against the Internal Revenue Service and the Mississippi State Tax Commission. The plaintiff filed suit in state court on January 7, 2011, alleging claims of negligence, breach of fiduciary duty, breach of contract, fraudulent/negligent misrepresentation, and punitive damages.[1] The defendants removed the case to federal court on May 31, 2011.[2] Specifically, the defendants invoked Title 28, Section 1331 of the United States Code, which vests district courts with original jurisdiction over any matters arising under federal law. According to the Notice of Removal, federal jurisdiction is appropriate because this case will involve "laws, rules, and regulations relating to the United States of America, Department of

---

[1] Exhibit 1 to Notice of Removal [Docket No. 1-1].

[2] Notice of Removal [Docket No. 1].

Treasury, Bureau of Internal Revenue Service, including . . . federal laws and/or regulations setting forth provisions for the assessments of tax liability and/or the timely filing of protests and/or appeals of tax assessments."[3]

"Federal courts enjoy only limited jurisdiction,"[4] and "[n]othing is to be more jealously guarded by a court than its jurisdiction."[5] Even when not contested by the parties, federal courts are obligated to question the issue of subject-matter jurisdiction in every case.[6] Stated simply, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."[7] In the case at bar, the claims presented plainly arise under state law. And although the ultimate determination of the claims may very well include questions arising under federal law, that fact alone will not create federal jurisdiction when the federal questions are raised by the defendants.[8] "For better or worse, . . . a defendant may not remove a case to federal

---

[3] Notice of Removal at 2.

[4] *Trinity USA Operating, LLC v. Barker*, 2011 WL 2976942, *5 (S.D. Miss. July 21, 2011). *See also Williams v. Brown*, 2011 WL 3290394, *3 (S.D. Miss. July 28, 2011).

[5] *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998) (overruled on other grounds, *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006)).

[6] *Trinity*, 2011 WL 2976942 at *6. *See also Pendleton v. Hinds Cnty., Mississippi*, 2010 WL 1416499, *2 (S.D. Miss. Aug. 5, 2010) ("As courts of limited jurisdiction, federal courts are obligated to ascertain subject matter jurisdiction under the presumption that a lawsuit lies outside its jurisdiction before resolving any other element of the lawsuit.").

[7] *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed.2d 860 (2002). *See also Marshall v. Vicksburg Healthcare, LLC*, 2011 WL 4916496 (S.D. Miss. Oct. 17, 2011) ("At all times during the litigation, a federal court has an abiding responsibility to carefully police its jurisdiction . . . and accordingly should raise jurisdictional issues sua sponte if it finds its authority in doubt . . . .") (citations omitted).

[8] *California ex rel. Barisone v. Pleich*, 2012 WL 174858, *2 (N.D. Cal. Jan. 20, 2012).

court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."[9]

As the defendants correctly asserted in their Notice of Removal, the Supreme Court has held that state-law claims may be removed if they "necessarily stated a federal issue."[10] But such a situation does not herein present itself because the plaintiff has not stated the federal issue. The defendants may argue that their representation of the plaintiff accorded flawlessly with the requirements of federal law, but even if that is true, the question arises only at their own insistence. No federal claims arise under the Complaint alone, and when evaluating whether a federal question exists to support removal, that is a district court's only concern.

Because the plaintiff's claims present no federal question, this Court does not enjoy subject-matter jurisdiction. Therefore, the case is remanded to the Circuit Court of the First Judicial District of Hinds County.

SO ORDERED this Twenty-Seventh day of March 2012.

                                              /s/ *Carlton W. Reeves*
                                              Hon. Carlton W. Reeves
                                              United States District Court Judge

---

[9] *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 10 (1983).

[10] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).